KENNY'S BUS SERVICE, INC.

v.

William MOSKOWSKI, et al.

Nos. 94–279–Appeal, 94–457–Appeal.

Supreme Court of Rhode Island.

March 23, 1995.

Timothy Dodd, Providence.

Bradford Gorham, David Campbell, Frank Williams, Providence.

ORDER

This matter came before the Supreme Court on March 15, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari and plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown.

The plaintiff, Kenny's Bus Service, Inc. (plaintiff), seeks review of a Superior Court order denying its motion to amend its complaint. The defendant has filed a motion to dismiss plaintiff's appeal alleging that the order from which plaintiff appeals is not properly before this court.

In June 1985, plaintiff and Galloway School Lines, Inc. (Galloway) entered into a bus service contract with the Exeter–West Greenwich Regional School Committee (the school committee). In June 1990, the school committee renewed the bus contract with Galloway alone to the exclusion of plaintiff. The plaintiff filed suit against Galloway and the school committee in July 1990. Attorney Frank Williams (Williams) had represented both parties in negotiations and in July 1993, plaintiff moved to amend its complaint to add a legal malpractice claim against Williams. The plaintiff alleged that defendants through negotiations induced plaintiff to file a tardy claim against Williams and intentionally caused plaintiff to allow the limitations period to pass by prolonging the settlement negotiations. Therefore, plaintiff asserts the defendant is estopped from raising the statute of limitations as a defense.

Following a hearing on plaintiff's motion to amend its complaint the trial justice ruled that any claim which plaintiff had against Williams arising out of the 1990 contract negotiations accrued on June 20, 1993. An order denying plaintiff's motion was filed on May 6, 1994. The plaintiff filed both an appeal and a petition for writ of certiorari. We granted the petition for writ of certiorari on November 10, 1994.

At the outset, we find that defendant's motion to dismiss the plaintiff's complaint to have merit since plaintiff's appeal is interlocutory in nature. It is well-settled in this jurisdiction that this court will not review interlocutory orders or decrees unless the case falls within either of two exceptions. *Lincoln v. Cournoyer,* 118 R.I. 644, 648, 649, 375 A.2d 410, 412, 413 (1977). Since neither exception applies in the instant case, we must dismiss the appeal as interlocutory.

However, even in respect to review by certiorari, it is our opinion that the limitations period started running on June 20, 1990, and therefore the three year statute of limitations on the legal malpractice claim against Williams expired on June 20, 1993. The plaintiff's allegations in support of its estoppel claim are insufficient to justify the

application of estoppel as to Williams. *See Gagner v. Strekouras,* 423 A.2d 1168, 1169 (R.I.1980).

For the foregoing reasons the plaintiff's appeal is denied and dismissed and the petition for certiorari is denied; the writ heretofore issued is quashed. The order appealed from is affirmed and the papers of this case are remanded to the Superior Court.